IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| TIMOTHY O'BRYANT TAYLOR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 7:13-CV-00108 –HL-TQL |
| VS. | : | |
| | : | |
| Warden CEDRIC TAYLOR, et. al., | : | |
| | : | |
| Defendants. | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |
| | : | |

## AMENDED ORDER AND RECOMMENDATION

Plaintiff Timothy O'Bryant Taylor, a prisoner currently confined at Valdosta State Prison, filed the present civil rights complaint under 42 U.S.C. § 1983.   Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this district court is required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a).   The undersigned previously reviewed Plaintiff's Complaint and recommended that Plaintiff's claims against Defendants Cedric Taylor and Calvin Orr be dismissed for failure to state a claim.   See Order and Recommendation, Aug. 12, 2013 (Doc. 5).   Plaintiff filed an Objection (Doc. 9) to the Recommendation, as provided by 28 U.S.C. § 636(b)(1), and alleged additional facts to support his claims against these two Defendants.

In light of all facts now alleged, the prior recommendation to dismiss Plaintiff's claims against Taylor and Orr is hereby **WITHDRAWN**.   Those claims shall also go forward.[1]

---

[1] Plaintiff has not objected to the recommendation to dismiss any Eighth Amendment claim for inadequate medical care, and it is still recommended that any such claim be dismissed, without prejudice, pursuant to 28 U.S.C. §1915A (b)(1), for failure to state a claim.

## STANDARD OF REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a *pro se* prisoner's pleading is still subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, is frivolous or malicious or that the complaint otherwise fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b)(1).

## STATEMENT AND ANALYSIS OF CLAIMS

The present action arises out of an incident in which Plaintiff Timothy Taylor was stabbed by another inmate.   In his Complaint, Plaintiff alleges that, immediately prior to the attack, he was handcuffed and being escorted into the segregation unit by Officer R. Bryant.   Either before or during this transfer, Plaintiff advised another officer – Sergeant Hollis – that two officers, not just one, were supposed to escort prisoners to this unit.   Plaintiff explained that the cell doors do not always lock correctly and that there was a risk of him being stabbed by another inmate.   Hollis apparently ignored Plaintiff's comments and allowed Bryant to continue escorting Plaintiff without assistance.   Upon arrival to the segregation unit, another inmate escaped from his cell and stabbed Plaintiff several times.   Officer Bryant allegedly retreated from the building during the attack, leaving Plaintiff locked inside, in handcuffs, with his attacker.

These allegations, when liberally construed, suggest that Defendants Bryant and Hollis were subjectively aware of the risk that Plaintiff may be attacked and seriously injured upon

entering the segregation unit but nonetheless failed to take reasonable precautions, i.e., follow policy, to protect him from injury.   Prison officials clearly have "a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).   Thus, "[a]n Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk.'" Carter v. Galloway, 352 F.3d 1346, 1349 (11th Cir. 2003) (cites omitted).   Therefore, as stated in the undersigned's prior Order (Doc. 5), Plaintiff's allegations are sufficient for this Eighth Amendment claim against these two Defendants to go forward, and it was ordered that service be made on both Officer Bryant and Sergeant Hollis.

Plaintiff also seeks to hold Warden Taylor and Deputy Warden Orr responsible for his injuries.   According to the Complaint, Defendants were aware (1) that the locks in the segregation unit were old and not maintained and (2) that metal lockers in the unit had been used to make knives in the past.   Plaintiff also made a vague allegation in the Complaint that "others" had been stabbed in the unit "because of cell locks not working."   Plaintiff's Objection now adds that Defendants Taylor and Orr "knew" and were "fully aware" that "many stabbings" had occurred in the unit prior to this incident, but they nonetheless failed to "try and stop the deadly assaults."

Although Plaintiff's allegations are still somewhat vague, they could be liberally construed to mean that Defendants had knowledge of many prior attacks in the segregation unit involving broken door locks and/or knives made from materials available to inmates, but failed to take any action to remedy the risk of future inmate escape or injury (i.e., maintain the locks or remove the metal lockers).   If true, discovery could reveal evidence supporting a claim against the wardens. See e.g., Marsh v. Butler County, 268 F.3d 1014 (11th Cir. 2001) (en banc) (alleged prison conditions and the notice provided to the warden were of such a nature that the inference that

warden subjectively knew of a substantial risk of inmate-on-inmate attack was inescapable); Hale v. Tallapoosa County, 50 F.3d 1579, 1583 (11th Cir. 1995) (plaintiff was not required to show that the sheriff "knew precisely who would attack whom, but only that [he] had subjective knowledge of a generalized, substantial risk of serious harm from inmate violence"). Thus, when read in a light most favorable to Plaintiff, these allegations are now sufficient to allow Plaintiff's claims against Defendants Taylor and Orr to also go forward.

It is therefore **ORDERED** that service now be made on Defendants Taylor and Orr and that they file an Answer, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence

with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.   Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling

of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

<b>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</b>

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion therefor accompanied by a memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

**SO ORDERED**, this 29th day of August, 2013.

s/***THOMAS Q. LANGSTAFF***
UNITED STATES MAGISTRATE JUDGE

jlr

6